NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN MCGILL, | : | |
| Petitioner, | : | Civ. No. 14-6126 (FLW) |
| v. | : | OPINION |
| PATRICK NOGAN, | : | |
| Respondent. | : | |

**FREDA L. WOLFSON, U.S.D.J.**

## I.  INTRODCUTION

Petitioner John McGill ("Petitioner"), has brought a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 3-3.)  For the reasons stated herein, Petitioner's habeas petition is DENIED, and Petitioner is DENIED a certificate of appealability.

## II.  BACKGROUND

The following procedural history and factual summary is taken from the opinion of the Superior Court of New Jersey, Appellate Division, denying Petitioner's appeal from the decision of the New Jersey State Parole Board ("Board"):

> In 1982, McGill was sentenced to a five-year term of imprisonment for theft by deception and to a consecutive eighteen-month term for forgery, for a total term of six years and six months.  In 1983, McGill was found guilty of murder and was sentenced to a term of life imprisonment with twenty-five years to be served before parole eligibility.  He was given 205 days of jail credits and the sentence was to run consecutively to the 1982 sentence.
>
> After McGill requested that his PED [parole eligibility] date be determined, the Board calculated his earliest eligibility date for

> parole as April 21, 2009. He appealed, claiming that his parole ineligibility term cannot exceed twenty-five years, the minimum ineligibility term under the murder conviction. We affirmed[.]
>
> . . .
>
> A two-member panel of the Board denied McGill's first application for parole on December 4, 2008, and referred the matter to a three-member panel of the Board to establish an FET [future eligibility term]. *See* N.J.A.C. 10A:71-3.21(d)(1). On April 15, 2009, the three-member panel issued its notice of decision setting a ten-year FET for McGill. The PED calculation indicated that McGill was entitled to 996 days of commutation credit to reduce the ten-year FET.
>
> On November 5, 2009, McGill was found guilty of institutional infractions and sanctioned to, inter alia, the loss of 365 days of commutation credit. The Board adjusted McGill's FET to account for this sanction as follows: McGill had a balance of ninety-one days of commutation credit on the twenty-month parole eligibility term on the five-year (theft by deception) sentence, and forty-four days of commutation credit on the six-month parole eligibility term on the eighteen-month (forgery) sentence. The balances were combined (135 days) and deducted from the 365-day sanction, leaving a balance of 230 days, which was deducted from the 996 days applied to the FET.
>
> McGill challenged this determination and on June 26, 2012, the Board rejected his appeal, finding it moot in light of our prior affirmance of the Board's calculation of McGill's PED.

(ECF No. 11-2 at 41–43.)

As noted in the opinion above, Petitioner appealed the Board's application of his loss of commutation credits to his ten-year future eligibility term ("FET"), and on June 26, 2012, the Board affirmed. (ECF No. 11-2 at 33–34.) Petitioner then appealed to the Superior Court of New Jersey, Appellate Division, and on November 27, 2013, the Appellate Division affirmed the Board's calculation of Petitioner's FET. (ECF No. 11-2 at 40–46.) The Supreme Court denied certification on March 27, 2014. (ECF No. 11-3 at 26.) Petitioner then filed a habeas petition with this Court, which he executed on October 28, 2014, raising a single ground for habeas

relief: "Denial of Fourteenth Amendment Right to Due Process."[1]  (ECF No. 3-3.)  Respondents argue that Petitioner fails to demonstrate that his constitutional rights have been violated.  (ECF No. 11 at 6–11.)  The Court agrees.

### III. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition.  *See Price v. Vincent*, 538 U.S. 634, 641 (2003); *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  District courts are required to give great deference to the determinations of the state trial and appellate courts.  *See Renico v. Lett*, 559 U.S. 766, 773 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).  Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United

---

[1] It also appears that Petitioner has previously filed a habeas Petition with the Court that was denied on November 19, 2014.  *McGill v. Hastings*, No. 12-5346, 2014 WL 6474292 (D.N.J. Nov. 19, 2014).  There, Petitioner alleged that his Due Process rights were violated by the Board's determination of his parole eligibility date, and that the Board's findings were inauthentic.  *Id.* at *1.  The Court found the claims meritless, and that Petitioner had failed to demonstrate "any federal constitutional right which ha[d] been violated".  *Id.* at *4.

States Supreme Court. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. DISCUSSION

In Petitioner's facts supporting his claim for habeas relief, he states:

> The petitioner was found guilty of two DOC disciplinary infractions and lost 365 days of commutation time. He submitted a request to the DOC to have a portion of the time restored and once it was, the Parole Board advance[d] his elig[i]b[i]lity date by the same amount of time. Because the DOC and the Parole Board are independent agencies, the petitioner appealed the change in his eligibility date to the Board based on the fact that an inmate's eligibility date is under the Board's sole jurisdiction, and it cannot be altered by actions taken by the DOC. By legislation, before an eligibility date is changed the inmate must be notified, and notification did not take place. Whenever an eligibility date is altered because of an infraction, the Board must refer to the schedule that is published in its administrative code, and the infractions the petitioner was found guilty of were not on the schedule's list. The Board was informed that ac[c]ording to legislation, any change to an eligibility date due to an institutional infraction is offset by the commutation time removed by the DOC, so even if the Board had the authority to change the date, it would still have to make the offset. There is a presumption an inmate will be released at the time he becomes eligible for parole, because the Board has followed these practices, there is a difference between what the eligibility date is and what it should be.

(ECF No. 3-3 at 6.)

While Petitioner's claim is not a model of clarity, in the record below he appears to argue that the Board erred in deducting the lost 365 days of commutation time (less 135 days of

4

commutation credit from his other two offenses) from his total 996 days of commutation credit applied to his ten-year FET. (*See* Petitioner's parole eligibility appeal to the Board, ECF No. 11-2 at 31–32, for a clearer explanation of his claim.) He asserts that the Department of Corrections ("DOC") and the Board are independent agencies, and that the Board exceeded its authority in applying the lost commutation time to his FET, since it was the DOC that found him guilty of institutional infractions and not the Board. He also indicates that the Board never notified him before recalculating his FET and that the infractions he was found guilty of by the DOC, are not within the list of applicable infractions the Board is permitted to assess when calculating the FET. In sum, Petitioner argues that these errors violated his Due Process rights.

Petitioner raised this claim on appeal from the Board's decision, and the Appellate Division affirmed, stating:

> McGill did not challenge the 365–day sanction he received for the institutional infraction. We are satisfied that the Board correctly determined that only a portion of that sanction could be applied to McGill's primary eligibility term and *properly deducted the balance of 230 days from the 996 days applied to the FET*.

(ECF No. 11-2 at 44–46) (emphasis added).

As a preliminary matter, parole is not a constitutionally protected liberty interest unless the state explicitly establishes procedures to offer parole. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence . . .[w]hen, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication[.]") (internal citation omitted); *see also Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7–9 (1979). There is no dispute that New Jersey's parole statute has established certain limited Due Process rights. *See N.J. Parole Bd. v. Byrne*, 460 A.2d 103, 111 (N.J. 1983) (finding that the New Jersey parole

process creates a liberty interest sufficient to invoke procedural protection). Correspondingly, while there is no federal right to commutation credits, states may create a Due Process right through which the credits cannot be "arbitrarily abrogated." *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also Thompson v. Maurer*, No. 04-5140, 2006 WL 517686, at *4 (D.N.J. Mar. 2, 2006) (finding that "New Jersey has created a statutory right to commutation credit, as well as procedures and guidelines regarding forfeiture of these credits for misconduct").

Here, however, Petitioner is not challenging his loss of 365 days of commutation time, as the Appellate Division notes, nor is he challenging his 10-year FET, both of which may raise federal issues. Instead, Petitioner only appears to challenge the Board's *application* of the lost commutation credits to his FET. In doing so, the Court finds that Petitioner has failed to raise a federal claim.

First, the Court notes that Petitioner failed to raise this claim as a Due Process violation below. Instead, Petitioner raised it as a violation of N.J. Stat. Ann. § 30:4-123.52(a) and N.J. Admin. Code § 10A:71-3.4, by arguing that the Board is only authorized to remove commutation credits awarded by the Board (not the DOC), for infractions found within the schedule listed under N.J. Admin. Code § 10A:71-3.4. (*See* ECF No. 11-1 at 8–11.) *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" instead "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

Second, Petitioner has pointed to no case law or authority to support his argument that the Board may not apply lost commutation credits to an inmate's FET. *See Price*, *supra*, 538 U.S. at 641 (explaining that a habeas petitioner bears the burden of establishing his entitlement to relief). Nor has this Court found any law to support Petitioner's argument. In fact, under New Jersey

state law, it appears that the parole board is indeed given the legislative authority to both apply commutation credits in determining an inmate's parole eligibility date ("PED") and may deduct "any loss of commutation time imposed by the Department of Corrections" when increasing an inmate's PED. *See* N.J. Stat. Ann.§ 30:4-123.52(a); N.J. Stat. Ann. § 30:4-123.51(a). Thus, as evidenced by the plain language of the statute, there is in fact a concomitant relationship between the DOC and the Board—loss of commutation time imposed by the DOC can increase an inmate's parole eligibility, which is determined by the Board. *See, e.g.*, *Barnes v. New Jersey State Parole Bd.*, 2008 WL 1968831, at *1, *3 (N.J. Super. Ct. App. Div. May 8, 2008) (affirming parole board's revised calculation of inmate's PED, based on inmate's 365-day loss of commutation credits for committing institutional infraction); *see also Vessels v. New Jersey State Parole Bd.*, 2017 WL 1422877, at *1 (N.J. Super. Ct. App. Div. Apr. 21, 2017) (affirming parole board's 240-month FET, which considered, among other things, inmate's commission of numerous institutional infractions, in determining his FET).

Finally, because this case arises under 28 U.S.C. § 2254, the Court must ascertain whether the Appellate Division decision is contrary to clearly established Supreme Court precedent; whether it is "diametrically different," "opposite in character or nature," or "mutually opposed." *Fischetti v. Johnson*, 384 F.3d 140, 147 (3d Cir. 2004) (citing *Williams v. Taylor*, 529 U.S. 362, 364 (2000). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Because Petitioner has failed to supply any Supreme Court case that calls into question the Appellate Division's finding that the Board "properly deducted" Petitioner's commutation time

7

from his commutation credit applied to his FET, Petitioner has failed to demonstrate that his constitutional rights have been violated. Therefore, Petitioner's claim for habeas relief must be denied.

Petitioner includes a number of other arguments, that fail to change the outcome of this Petition. He points to N.J. Admin. Code § 10A:71-3.4, in arguing that his disciplinary infractions, .709 (failure to comply with a written rule or regulation), and *.009 (misuse or possession of electronic equipment), are not among the listed infractions that may increase an inmate's PED. The statute reads:

> (a) It shall be the responsibility of the chief executive officer, within seven days of resolution of any administrative appeal, to notify in writing the senior Board representative at the institution that an adult inmate has committed an institutional infraction listed in (c) below.
>
> . . .
>
> (b) Except as otherwise provided in N.J.A.C. 10A:71–5, upon being advised by the senior Board representative at the institution that an adult inmate has committed an institutional infraction listed in (c) below, the appropriate Board panel or designated hearing officer *may increase the inmate's eligibility date* according to the schedule listed herein.
>
> . . .
>
> 3. Infraction Category C shall consist of .003, Assaulting any person with a weapon; .006, Extortion, blackmail, protection, demanding or receiving favors, money or anything of value in return for protection against others, to avoid bodily harm, or under threat of informing; .101, Escape (provided such escape is from a minimum security location); .102, Attempting or planning escape (provided such attempt is from a medium or maximum security location); .202, Possession or introduction of a gun, firearm, weapon, sharpened instrument, knife, or unauthorized tool (provided such weapon is not a gun or other firearm); .252, Encouraging others to riot; and .551, Making or possessing intoxicants or alcoholic beverages.

. . .

N.J. Admin. Code § 10A:71-3.4 (emphasis added).

As made clear in the statute and explained by the Board in its decision denying Petitioner's appeal of the application of his lost commutation time, the statute does not apply to Petitioner, because his PED was never actually extended by the loss of commutation time. Instead, the lost commutation time was deducted from Petitioner's total commutation credits that had been previously applied to his total FET. The Parole Board explained that N.J.A.C. § 10A:71-3.4 "refers to the establishment of an additional parole eligibility term pursuant to a review by an infraction review Panel and not to the forfeiture of previously awarded commutation time credits pursuant to a DOC imposed sanction for institutional misconduct" and therefore it had no applicability to Petitioner's case. (ECF No. 11-2 at 33–34.) Thus, this claim lacks merit.

Petitioner also argues that the Board failed to notify him when it changed his eligibility date. However, as evidenced by the record, the DOC notified Petitioner of his lost commutation credits by first noticing him with a disciplinary report and then by providing him with a copy of the adjudication of his disciplinary charges (*see* ECF No.11-1 at 48 at 48–52) and the Board merely *applied* the lost commutation time to his overall commutation credit.[2] The Board made no independent findings of any violations. Thus, insofar as Petitioner is not challenging the loss

---

[2] Even if the Court could somehow construe the Petition to state a claim that Petitioner was denied Due Process in the loss of 365 commutation credits, this claim also fails. The record makes clear that Petitioner was put on notice of the infractions and given a written statement stating the evidence and reasons for the DOC's findings. (*See* ECF No.11-1 at 48 at 48–52). Petitioner has made no allegations that he was not permitted to call witnesses or present evidence in his defense. Thus, the procedural protections afforded to him comport with both federal and state law. *See Sanabria v. Ricci*, No. 09-3269, 2010 WL 2668515, at *5 (D.N.J. June 28, 2010) (laying out the minimum Due Process requirements for loss of commutation credits under the United States Supreme Court case law and New Jersey state law.)

9

of commutation time, nor his 10-year FET, the Court can conceive of no possible Due Process violation.[3] Because Petitioner has failed to show that he is entitled to relief on his claim, the Court denies him habeas relief.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's conclusion that Petitioner has failed to make a substantial showing of the denial of a constitutional right insomuch as Petitioner's claims are without merit, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further and a certificate of appealability is therefore denied.

---

[3] The Appellate Division decision, cited above, addressed an additional issue, that Petitioner does not appear to raise in this Petition, but one that he did raise below and one that he also appears to have raised in his previous habeas petition with the Court. Namely, that the Board erred in its initial determination of his PED by failing to apply commutation credits to the aggregate sentence, and instead applied it to each individual sentence, which he alleges lengthened his PED. (*See* ECF No. 11-1 at 12–18.) To the extent Petitioner is attempting to raise this claim here, the claim similarly fails as it was never raised as a Due Process violation below. Instead, Petitioner raised this purely as a violation of New Jersey state law under *State v. Ellis*, 788 A.2d 849 (N.J. Super. Ct. App. Div. 2002). (*See* ECF No. 11-1 at 12.) Furthermore, because the claim was previously denied on the merits by the Court in Petitioner's previous habeas petition, and because the Appellate Division appropriately addressed and rejected the claim under New Jersey state law, the Court finds no reason to address the claim here.

## VI. CONCLUSION

For the reasons stated above, Petitioner's habeas petition is denied and Petitioner is denied a certificate of appealability. An appropriate order follows.


DATED: May 7, 2018                                          /s/ Freda L. Wolfson
                                                            FREDA L. WOLFSON
                                                            United States District Judge